**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                          PLAINTIFF

v.                                             No. 4:04CR00281 JLH

NELSON MILLER; BERTRAM CASE MILLER;
MICHAEL DORSEY; and MELISSA HORNER                                                            DEFENDANTS

**ORDER**

All of the defendants except Michael Dorsey have filed motions for severance. Bertram Case Miller's motion for severance was previously granted. The government moved to consolidate Bertram Case Miller with the other defendants, and that motion was summarily denied. Now, the government has filed a motion to reconsider the denial of its previous motion to consolidate Bertram Case Miller with the other defendants. The Court has heard from Bertram Case Miller, Melissa Horner, and Nelson Miller, as well as the government, in three separate *in camera* hearings. The Court has reviewed all of the briefs and arguments that have been submitted on the severance issues in light of the information presented in the *in camera* hearings.

The Eighth Circuit summarized the law pertaining to severance of criminal defendants for trial in *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006):

> Where two or more defendants have been charged in the same indictment, there is a preference for a joint trial unless the benefits are outweighed by a clear likelihood of prejudice. *Zafiro v. United States,* 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Prejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a "prejudicial spillover effect." *United States v. Mickelson,* 378 F.3d 810, 817 (8th Cir. 2004); *United States v. Lueth,* 807 F.2d 719, 731 (8th Cir. 1986). The burden of showing a clear likelihood of prejudice falls on the party seeking severance. *United States v. Frazier,* 280 F.3d 835, 844 (8th Cir. 2002).

> Trying codefendants together not only conserves scarce time and resources, but also "gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." [*United States v. Darden,* 70 F.3d 1507, 1528 (8th Cir. 1995)] (internal quotations omitted). Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, *United States v. Pecina,* 956 F.2d 186, 188 (8th Cir. 1992), even if the likelihood of the latter's acquittal is thereby decreased. *See United States v. Gravatt,* 280 F.3d 1189, 1191 (8th Cir. 2002). What is required for a severance is a specific showing that a jury could not reasonably be expected to compartmentalize the evidence. *Lueth,* 807 F.2d at 731.

In *Zafiro v. United States,* 506 U.S. 534, 539, 113 S. Ct. 933, 938, 122 L. Ed. 2d 317 (1993), the Court stated:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of te defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. [Citation omitted.] Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. [Citation omitted.] Conversely, a defendant might suffer prejudice if the central exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. [Citations omitted.] The risk of prejudice will vary with the facts in each case, and the district court may find prejudice in situations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary . . ..

Following the standards articulated by the Eighth Circuit in *Hively* and the Supreme Court in *Zafiro*, this Court is convinced, in light of the information presented *in camera*, that the risk of prejudice from trying all four defendants together is very high, and that specific trial rights would be jeopardized. On the other hand, following these standards, the Court is not convinced that all four

2

defendants must be tried separately, which would happen if all of the motions for severance were granted.

Based on all of these considerations, the Court has determined that Michael Dorsey and Melissa Horner will be tried together beginning on July 24, 2006.  Nelson Miller and Bertram Case Miller will be tried together beginning on August 28, 2006.  In the trial of Michael Dorsey and Melissa Horner, Michael Dorsey will precede Melissa Horner in voir dire, opening statement, examination of the government's witnesses, presentation of his defense, and closing argument; provided, however, that defense counsel may agree on a different order of cross-examination of any government witness.  In the trial of Nelson Miller and Bertram Case Miller, Nelson Miller will precede Bertram Case Miller in voir dire, opening statement, examination of the government's witnesses, presentation of his defense, and closing argument; provided, however, that defense counsel may agree on a different order of cross-examination of any government witness.

The motion to sever (Documents #102 and #116) and the motion for reconsideration (Document #101) are granted in part and denied in part.

IT IS SO ORDERED this 20th day of March, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE